IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VICTOR LOWELL FRYOU, #127764**               **PETITIONER**

**VERSUS**                **CIVIL ACTION NO. 1:08-cv-184-HSO-JMR**

**RON KING**                                    **RESPONDENT**

### ORDER AND REASONS

The Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2254, on May 7, 2008. On June 20, 2008, the Petitioner was ordered to file, on or before July 12, 2008, a written response regarding the exhaustion of his state court remedies. The Petitioner was warned that his failure to timely comply with the requirements of the Order may result in the dismissal of his case. The Petitioner failed to comply with this Order.

On August 8, 2008, an Order was entered directing the Petitioner to show cause, on or before August 25, 2008, why this case should not be dismissed for his failure to comply with the Court's June 20, 2008, Order. In addition, the Petitioner was directed to comply with the June 20, 2008, Order, on or before August 25, 2008. The Petitioner was warned in the show cause Order that his failure to timely comply with the requirements of the Order would result in the dismissal of his case without further notice. The Petitioner has not complied with the show cause Order.

This Court has the authority to dismiss an action for the Petitioner's failure to prosecute under Fed.R.Civ.P. 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough*

*v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

Petitioner has failed to comply with two Court orders. The Court concludes that dismissal of this action for Petitioner's failure to prosecute under FED.R.CIV.P. 41(b) is proper. Since the Respondent has never been called upon to respond to the Petitioner's pleading, and have never appeared in this action, and since the Court has never considered the merits of Petitioner's claims, the Court's Order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Order and Reasons will be entered.

**SO ORDERED**, this the 16th day of September, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE